IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILIP ROBINSON, #743748, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:01-CV-133-R |
| | ) | |
| DALLAS POLICE DEPARTMENT, et al., | ) | |
| Defendants. | ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States magistrate judge. The findings, conclusions and recommendation of the magistrate judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated at the Ramsey Unit of the Texas Department of Criminal Justice--Institutional Division in Rosharon, Texas. Defendants are the Dallas Police Department, former Chief of Police Ben Click, Police Officers Cathy Harding and Sally Zoe, and unidentified agents and persons. The court has not issued process in this case. However, on February 22, 2001, the magistrate judge issued a questionnaire to Plaintiff, who filed his answers on March 2, 2001.

Statement of Case: The complaint, supplemented by the answers to the questionnaire, alleges that on July 7, 1994, Defendants conspired to deprive and deprived Plaintiff of $2,000



while he was incarcerated at the Dallas County Jail. (Complaint at 1 and Answer to Questions 7-8). Plaintiff seeks compensatory and punitive damages (Complaint at 6 and Answer to Question 18).

Findings and Conclusions: The court has permitted Plaintiff to proceed *in forma pauperis* (IFP). His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). See also 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.

Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).

In determining the applicable limitation period for a section 1983 action, federal courts apply the limitation period provided by state law, which in this case is the two-year personal injury limitation period. Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 581-82, 102 L.Ed.2d 594 (1989); Piotrowski v. City of Houston, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2000). In determining when a cause of action accrued, federal courts apply federal law. Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993). Federal law provides that "a cause of action accrues when the plaintiff knows or has reason to know of the injury [that] is the basis of the action." Id.

In answer to the magistrate judge's questionnaire, Plaintiff alleges the events at issue in the complaint accrued on July 7, 1994, the date on which Defendants allegedly deprived him of his $2,000. (Answer to Question 7). The two-year statute of limitations expired two years later on July 6, 1996. Because Plaintiff did not file the complaint in this action until January 17, 2001, it is barred by the two-year limitation period.[1] Therefore, the District Court should dismiss the complaint with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i). See Gartrell, 981 F.2d at 256 ("[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to [former] § 1915(d)"); see also Slack v.

---

[1] For purposes of this recommendation, the complaint is deemed filed on January 17, 2001, – the date on which Plaintiff signed it and most probably handed it to prison officials for mailing. See Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir.1995) (relying on Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), to hold that a *pro se* prisoner litigant's section 1983 complaint is filed as soon as the pleading is deposited into the prison mail system).

3

Carpenter, 7 F.3d 418, 419 (5th Cir. 1993) (per curiam).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b)(1), and 28 U.S.C. § 1915(e)(2)(b)(i).

A copy of this recommendation will be mailed to Plaintiff.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.