# United States District Court
## Northern District of Texas
## Office of the Clerk

*1100 Commerce Room 14A20*
*Dallas, Texas 75242-1003*

May 3, 2001

Mr. Charles R. Fulbruge III, Clerk
U.S. Court of Appeals - Fifth Circuit
600 Camp Street, Room 102
New Orleans, LA 70130

SUBJECT: 3:01cv133-R; Robinson v Dallas Police Department, et al.

Dear Mr. Fulbruge:

In connection with the appeal cited above, the following documents are transmitted:

| | |
|---|---|
| X | Certified copy of the notice of appeal and docket entries |
| ___ | Certified copy of the notice of cross-appeal and docket entries |
| ___ | Record on appeal consisting of volume(s) of the record; |

       ___    Volume(s) of the transcript      ___    Volume(s) of depositions.
       ___    Container(s) of exhibits          ___    Folder(s) of State Court Papers
       ___    Sealed documents               _    Audio Visual Tapes

___    Supplemental record, including updated docket entries
___    Other:

In regard to the notice of appeal, the following additional information is furnished:

| | |
|---|---|
| X | The Court of Appeals docket fee has not been paid |
| ___ | This case is proceeding *in forma pauperis* |
| ___ | Although the Court of Appeals docket fee was not paid at the time the notice of appeal was filed, it was paid on: |
| X | This case proceeded pursuant to 28 U.S.C. §1915 of the Prison Litigation Reform Act. |
| X | The presiding Judge is: Judge Buchmeyer |
| ___ | The court reporter assigned to this case is: |
| X | This case was decided without a hearing, therefore there will be no transcript |
| ___ | UPS Tracking #: |

Sincerely,
KAREN MITCHELL
*Clerk of Court*

By: _____
Laric
*Deputy Clerk*

Received By: _____

cc:    Attorneys of record

ORIGINAL

U.S. DISTRICT C
NORTHERN DISTRICT

MAY - 2 2001

CLERK, U.S. D

By _____
Deput

PHILLIP ROBINSON #743748      S
          (Appellant)        S
V.                           S
                             S
D.P.D. et al.                S      3:01-CV-133-R
      (Defendants)           S
                             S
                             S

## NOTICE OF APPEAL OF JUDGMENT

Comes now, plaintiff, P. Robinson, in the Honorable U.S. District
Court for the Northern District of Texas, to file this formal appeal
to the U.S. District Judge's findings, conclusions and recomendation.
The law of the U.S. Constitution is designed for equity and Due Process
which aims to protect the weak from the strong.  The intentions of the
Founding Fathers was to guide a Nation based on law from Tyranny and
blantant injustice.  Their noble considerations included the lettered,
who designed and wrote the law, as well as the unlettered, who live in
the midst of those laws.  The plaintiff is a prime example of the
unlettered class whom the law was intended to protect.  When arrested
on the henious charge, the plaintiff was, and is shocked to the point
of psychological disability.  It is said that "ignorance of the law is
no excuse," this axiom is used to bar those that are injured in some
way by the powers to be.  The Judges decision to label plaintiff's
efforts towards equity as frivolous should be decided by a jury of the
plaintiff's peers.  Even with the pleas and request that plaintiff made
to those attorneys that were employed by him, no guidance, counsel or
direction was given by those sworn to protect plaintiff's rights.  The
criminal charges tended to trump any effort by plaintiff to regain his
"$2000." which was plainly, simply and unconstitutionally taken by the
Police Authorities. Plaintiff's criminal trial did not take place until
1996.  The additional trauma of conviction and sentnece sent the
plaintiff to Institutional Hospital comatose and warped.  The plaintiff

pg.1      10

eventually came to realize and somewhat understand his predicament after
years of institutional constraint and counseling by concerned others.
Plaintiff merely wants to regain legal possession of his $2000. pluss
interest if any.  The compensatory and punitive damages were interjected
by those concerned others, who assisted plaintiff in formally requesting
relief from the court.  Theft is a criminal offensd which no doubt was
perpetrated against the plaintiff during his arrest, being duly deprived of h
his legal tender by force.  The objections to the Judges recomendations
further magnifues the abuse of plaintiff's Civil Rights and right to
protection against criminals who blantantly take indiscriminantly.  Plaintiff
directly petitioned the court of conviction for the return of his $2000.
This petition was never acknowledged plaintiff's inability to read and write
should not be used against him in the interest of justice.  The plaintiff
did comprehend that the police would never return his money as a matter
unrelated to the criminal charges, therefore when the criminal trial was
over, in ignorance plaintiff awaited a refund.  After no refund came, a
letter to the court and motion to the court failed to get an answer.

The due process guarantees of the U.S. Constitution should always
prevail against the statute of limitations bar.  The judge mistakingly
considers the arrest warrant/search warrant service as the time from
which the limitation calculation should begin.  This is the erroneous basis
of the judge's recomendation.

Federal law provides that"a cause of action accrues when the plaintiff
knows or has reason to know of the injury that is the basis of the action."
(Gartrell V. Gaylor, 981 F.2d 254, 257) Plaintiff has an I.Q. of 60 and
does not have the ability to read or write.  Plaintiff sought legal
assistance during his legal problems from four different attorneys, neither
of which informed him of his legal rights and privileges.  Robert Udasher,
Richard Franklin, and John Hagler are the lawyers who failed the plaintiff
concerning his legal rights.  Plaintiff's rights were abandoned by officers

of the court, named above, because of his illiteracy.  In <u>Continental</u>
<u>Gas Co.  v.  Abercomble</u>, 413 S.W.2d 409 (1967)  the court found that,
"testamony by injured employe who could not read or write, that he believed
his supervisor had filed necesary papers" is sufficent to sustain jury
finding of good cause to file timely claim.  Plaintiff relied on no less
than four lawyers, two appointed by the court, and two paid by plaintiff
to uphold his rights against the Dallas Police.  Instead of working on the
plaintiff's behalf, the lawyers used his inability to read or write against
him.  The court found in <u>Texas Employers Ass'n  V.  Guerrera</u>, 800 S.W.2d
859;  Appellee who speaks no english and has little education, said he
asked his supervisor to take care of the paper work and assured that it
would be done.  He relied on that assurance, the jurys finding good cause
is supported by the evidence, and appellee's failure to file a formal claim
was therefore excused.

Plaintiff had no reason to believe that his lawyers would not work
to have his money returned to his possession.  He relied on their words
that he would get his money back.  Therefore plaintiff did not know that
an actual injury had occured, believing as he did, and was led to believe
that the pendancy of the criminal trial took procedence over all other
matters,  A factual frivolousness find is appropriate when the facts alleged
rise to the level of the irrational or the wholly incredible whether or
not there are judicially noticable facts awardable to contradict them, but
a complaint cannot be dissmissed simply because the courts finds the
allegations to be unprobable or unlikely.... in order to respect the
congressional goal of "assuring equality of consideration for all litigants.
(<u>Coppedge  V.  U.S.</u>, 82 S.Ct. 917), this initial assesment of the in forma
pauperis plaintiff's factual allegations must be weighted in favor of the
plaintiff.  The fact that plaintiff is a pro se litigant trying to get
his case heard but being thwarted by substantive and procedural objections

at every turn.  In <u>Jackson  V.  Johnson,</u> 950 F.2d 263; the court reinforced the importance of dismissal without prejudice rather than holding the case in abeyance.  The Jackson court reasoned that a resolution should lie elsewhere.  It found another Texas rule most relevant. "where a person is prevented from exercising his legal remedies by the pendancy of legal proceedings, the time durring which he is thus prevented should not be counted against him in dtermining whether limitations have barred his right." (<u>Hughes  V.  Mahoney Higgins</u>, 821 S.W.2d 154, 157) Under the doctrine of PARI DELICTO a transgression (D.P.D.) will not be allowed to profit from his own wrong doing and party is barred from recovering damages if his losses are substantially caused by activities which the law forbabe him to engage in.  The Dallas Police had no legal right to 'take' plaintiff's cash.  It is well settled Federal Courts sit to enforce Federal Rights they have an obligation to apply Federal Equity principles;  "when congress leaves to the Federal Courts the formulation of remedial details, it can hardly expect them to break with historic principles of equity in the enforcement of Federally created equitable Federal Rights" (<u>Holmberge   V.  Armbretch</u>, 66 S.Ct. at 584), the effects to be given the borrowed statute is thus a matter of judicial implication.  It must be determined whether the National Policy considerations favoring the continued avail- ability of the section 1983 cause of action outweigh the interest protected by the State's statute of limitations.  Congressional sentiment was that "by strengthening the administrative remedy it should not also eliminate preexisting rights which the Constitution (and Congress) accorded to aggrieved individuals."

Legislative pains to avoid unnecessary and costly litigation by making the informal invesgatory and consilatory offices of the U.S. Judge readily available to victims of unlawful actions cannot be squared with the formal

mechanistic requirement of early filing for the technical purpose of tolling a limitations statute.

In sum, the Federal Policies weigh strongly in favor of tolling, allowing the U.S. Constitution to work on behalf of the weak as it does the strong.  Examinations of the purpose served by the statute of limitation indicates that they would not be frustrated by adoption of the tolling rule.  Statute of limitations are designed to insure fairness to defendants by preventing the revival of the stale claims in which the defense is hampered by lost evidence, faded memories, and disappearing witnesses. and to avoid unfair surprise.  None of these factors exist here, adoption of the tolling principle protects the Federal interest in both preserving multiple remedies for Constitutional violations and in the proper function of the limitation statute.  The Federal policy in favor of continuing availability of multiple remedies for persons subject to blatant Constitutional violations is inconsistant with the Judge's decision not to suspend the operation of the statute.

Wherefore plaintiff prays the Court to grant relief and rule in favor of the U.S. Constitution and the plaintiff's constitutional rights.

PHILLIP ROBINSON #743748

RAMSEY I PLANTATION
1100 FM 655
ROSHARON, TX 77583